UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:12-cr-0450-MCE-EFB P |
| Respondent, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| AUSTIN REED, | |
| Movant. | |

Movant, proceeding without counsel, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]  ECF No. 50.  The government has moved to dismiss. ECF No. 55.  Movant has filed an opposition thereto (ECF No. 57) and the government's motion is submitted for decision.  For the reasons stated hereafter, the undersigned recommends that the motion to dismiss be granted.  Movant's motion for discovery (ECF No. 60) is denied.

### I.    Background

An indictment filed December 20, 2012 charged movant with being a Felon in Possession of a Firearm pursuant to 18 U.S.C. § 922(g)(1).  ECF No. 1.  Movant pled guilty to this count on September 4, 2014.  ECF No. 32.  A plea agreement was filed on September 8, 2014 which specified, *inter alia*, that:

---

[1] This motion was assigned, for statistical purposes, the following civil case number: 2:16-cv-846-MCE-EFB.

> The defendant understands that the law gives him a right to appeal his conviction and sentence. He agrees as part of his plea, however, to give up . . . the right to appeal any aspect of the sentence imposed in this case so long as his sentence is no longer than the top of the Sentencing Guidelines range determined by the Court.
>
> . . .
>
> In addition, regardless of the sentence he receives, the defendant also gives up any right he may have to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

ECF No. 35 at 6. Movant signed this plea agreement and, in so doing, agreed that:

> I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

*Id.* at 7.

Movant had a Sentencing Guidelines range of 92-115 months. ECF No. 41 at 4. On April 2, 2015, he was sentenced to 92 months imprisonment. ECF No. 45 at 1-2. He filed this motion on April 21, 2016. ECF No. 50.

## II. Legal Standards

The Ninth Circuit has held that "[p]lea bargains are contractual in nature and must be measured by contract law standards." *United States v. Escamilla*, 975 F.2d 568, 571 (9th Cir. 1992) (internal quotations omitted). It is settled that a defendant may waive his right to bring a section 2255 petition. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). The right to bring a collateral attack under section 2255 is statutory, and a "knowing and voluntary waiver of a statutory right is enforceable." *Id*. A plea agreement does not waive the right to bring a section 2255 petition unless it does so expressly, however. *See United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). Additionally, a waiver will not apply where: (1) a guilty plea fails to comply with Fed. R. Crim. P. 11; (2) the sentencing judge informs a defendant, contrary to the terms of the plea agreement, that he retains the right to appeal; (3) the sentence does not comport

with the terms of the plea agreement; or (4) the sentence violated the law. *See United States v. Watson*, 582 F.3d 974, 987 (9th Cir. 2009).

### III. Analysis

The crux of movant's section 2255 motion is that his criminal history points were incorrectly calculated at sentencing. ECF No. 50 at 1-4. Respondent argues that: (1) by signing the plea agreement movant waived his right to file this petition; (2) movant's claims are barred by procedural default; (3) his claims are not cognizable under section 2255; and (4) his claims fail on the merits. ECF No. 55 at 2. For the reasons stated hereafter, the court concludes that movant's motion is barred by the terms of his plea agreement and declines to reach the government's other arguments.

As an initial matter, movant does not dispute that he signed the plea agreement in question or that he entered into that agreement voluntarily. He argues that his claim should not be barred, however, insofar as: (1) the plea agreement does not speak to errors in the calculation of his criminal history points; (2) Judge England informed him at sentencing that he could appeal his sentence; (3) he was prejudiced by his inability to contact his attorney after sentencing was complete; and (4) the government attorney who signed the plea agreement committed misconduct and, as such, there are "constitutional issues" with the plea agreement. ECF No. 57 at 1-3. These arguments are unavailing.

First, the plea agreement encompasses a waiver of the immediate claims insofar as it expressly provides, as noted above, that the movant waives his right to bring a section 2255 petition attacking "any aspect of the guilty plea, conviction, or *sentence*." ECF No. 35 at 6 (emphasis added). The calculation of his criminal history points plainly informed his sentence and is, consequently, an aspect of it.

Second, movant is mistaken insofar as he implies that Judge England gave any oral instruction of appeal rights that ran contrary to the terms of the agreement. The court has reviewed the sentencing transcript and it plainly shows that Judge England referenced the plea agreement, informed movant that his right to appeal would be restricted by that agreement, and went on to emphasize the narrow conditions on which an appeal might be taken. *See* ECF No. 59

at 15.  A trial judge's oral pronouncements serve to invalidate a plea agreement's appeal restrictions only where (1) there is a direct conflict between the judge's words and the terms of the agreement and (2) based on the judge's words, a defendant could have a reasonable expectation that he retained appeal rights which the plea agreement deemed waived.  *See United States v. Buchanan*, 59 F.3d 914, 917-918 (9th Cir. 1995).  Judge England's pronouncements at sentencing were not contrary to the terms of the plea agreement and movant could not have reasonably construed those pronouncements as conferring rights which the agreement had waived.

Third, it is unclear how movant's alleged inability to contact his attorney after completion of sentencing and judgment serves to invalidate the plea agreement.  Movant affirmed, by affixing his signature to the plea agreement, that he was satisfied with his counsel's performance at the time the agreement was signed.  ECF No. 35 at 7.  Given that the agreement expressly precluded an appeal based on his sentence (so long as it was not longer than the top of guidelines range determined by the court, and it was not) he cannot circumvent the plea agreement's waivers by arguing that his counsel was ineffective after the judgment was handed down and the case was closed.  It is clear that, even if movant's attorney had maintained contact with him after the judgment issued, any appeal based on the court's calculation of his criminal history points would have been precluded by the plea agreement. [2]

Fourth, movant's claims regarding misconduct by the government attorney are too vague to warrant invalidation of his plea agreement.  He argues that the government filed a motion to replace the prosecutor and, consequently, there are unspecified "constitutional issues" in relying

---

[2] The court notes that the plea agreement does contain an appeal exception if his ultimate sentence was longer than the top of his Sentencing Guidelines range.  ECF No. 35 at 6.  At first blush, movant might have an argument (though he does not raise it explicitly), that dropping his criminal history by six points would place his current sentence above the top of the *correct* Guidelines range.  The plea agreement, however, does not contemplate an exception for trial court error in Guideline calculation.  Rather, it stipulates an exception only for circumstances where the sentence falls outside the Guideline range *as determined* by the trial court.  *Id*. (emphasis added).  Moreover, such a claim would be procedurally defaulted by movant's failure to raise it on direct appeal.  *See United States v. McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996) ("We have consistently held that a § 2255 petitioner cannot challenge nonconstitutional sentencing errors if such errors were not challenged in an earlier proceeding.").

on a plea agreement that was signed by that prosecutor.  ECF No. 57 at 3.  The government did not move to substitute counsel until March 2, 2016 (ECF No. 48), well after judgment issued in this case.  Movant has not provided any evidence that the prosecutor who was replaced committed misconduct in the prosecution of this case, nor has he provided any argument as to what constitutional problems are implicated by continued reliance on the plea agreement.  Such conclusory allegations cannot serve to circumvent the waivers contained in a facially valid plea agreement.

Finally, the court notes that movant's claim regarding the calculation of his sentence does not fall into any of the non-waivable theories of section 2255 relief.[3]

**IV.    Motion for Discovery**

On August 25, 2017, movant filed a motion for discovery (ECF No. 60) in which he requested that the court order the government to provide him with the results of DNA testing that occurred prior to the entry of his plea agreement.  *Id.* at 1-2. Movant argues that he was not made privy to the results of this testing and that those results might have exonerated him.  *Id.*  Section 2255 movants are not entitled to discovery.  Instead, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."  Rule 6(a), Rules Governing Section 2255 Proceedings.  The court concludes that good cause does not exist here. The results of movant's DNA testing are beyond the scope of his section 2255 motion which, as noted above, is premised on the argument that his criminal history points were incorrectly calculated at sentencing.  ECF No. 50 at 1-4.  Additionally, movant has not articulated any plausible theory which demonstrates that these unseen results could, or are likely to, establish his innocence.  This motion is denied.

/////

/////

/////

---

[3]  These theories include, for example, ineffective assistance of counsel claims associated with the negotiation of a plea agreement.  *See Washington v. Lampert*, 422 F.3d 864, 870-871 (9th Cir. 2005).

## V.    Conclusion

Based on the foregoing, it is HEREBY ORDERED that movant's motion for discovery (ECF No. 60) is denied.

Further, it is RECOMMENDED that:

1.  Respondent's motion to dismiss (ECF No. 55) be granted;

2.  Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 50) be denied; and

3.  The Clerk be directed to close the companion civil case, No. 2:16-cv-846-MCE-EFB.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing § 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED:  June 28, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE